Judge RYAN,
dissenting.
I agree with the majority that there was no actual unlawful command influence in this case. I respectfully dissent because I also believe that there was no prejudice to the accused.
“A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.” Article 59(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 869(a) (2012) (emphasis added). Without prejudice to the substantial rights of the accused from an error—hitherto defined as “ ‘a reasonable probability that, but for the error, the outcome of the proceeding would have been different,’ ” United States v. Lopez, [76] M.J. [151, 154] (C.A.A.F. 2017) (quoting Molina-Martinez v. United States, [— U.S. -] 136 S.Ct. 1338, 1343 [194 L.Ed.2d 444] (2016))—Article 59(a), UCMJ, prohibits us from affording relief. The majority ably points out that there is not one iota of prejudice to the accused in this case because “there is no reasonable likelihood that a different convening authority standing in the shoes of Lt Gen Franklin would have made a different referral decision.” United States v. Boyce, 76 M.J. 242, 250, 2017 WL 2267276 (C.A.A.F. 2017). After finding no prejudice, however, the majority goes on to grant Appellant relief, despite the restriction that Article 59(a), UCMJ, places on this Court.
*255 The background story of this case is pregnant with every appearance of manifestly punitive actions by the Secretary of the Air Force (SECAF) and the Chief of Staff of the Air Force (CSAF) toward Lt Gen Franklin. See id at 253. And their actions were no doubt incited by various statements made by members of Congress after Lt Gen Franklin exercised his statutory discretion[1] in United States v. Wilkerson and United States v. Wright.[2] While disturbing, in the final analysis, the only person “prejudiced” by the actions recounted by the majority was Lt Gen Franklin, whose reputation was sullied and career cut short. There is no evidence that the SECAF or CSAF “attempt[ed] to coerce or, by any unauthorized means, influence the action of [Appellant’s] court-martial.” Article 37(a), UCMJ, 10 U.S.C. § 837(a) (2012). Indeed, there is no evidence the SECAF or CSAF were even aware of Appellant’s case, or that anyone believed that they were.
I also agree with Judge Stucky that if there is no actual unlawful influence, “it is difficult to understand how an objective, disinterested, fully informed observed’ would doubt the fairness of the proceedings—at least in this case. Boyce, 76 M.J. at 254 (Stucky, J., dissenting). The military judge found as a matter of fact that Lt Gen Franklin “may be the most bombproof of any convening authority” because he had resolved to retire before referring Appellant’s charges and had, “on occasion, seemingly gone against the interests of others in the military” in Wilkerson and Wright. This factual finding is amply supported by the record.[3] Based in part on this finding of fact, and the fact that every other person in the chain of command had recommended a general court-martial, the military judge in this case found *256 as a matter of law that there was no actual or apparent unlawful command influence. Yet the majority, contrariwise, determines that Lt Gen Franklin's demonstrably independent judgment is a “legal conclusion,” and then dismisses it. See Boyce, 76 M.J. at 250.
Certainly there was monkey business aplenty here with respect to Lt Gen Franklin, and I share the majority’s frustration with “the chilling effect that the conduct of the Secretary of the Air Force and/or the Chief of Staff of the Air Force generally may have had on other convening authorities and in other criminal cases that are not before us.” Id. at 253. But a correctible legal error of apparent unlawful command influence must be based upon more than the theoretical presence of influence on a particular convening authority. It must be based upon an objective observation of the “facts and circumstances” of an individual case, and a finding of substantial prejudice to the rights of the accused. See United States v. Salyer, 72 M.J. 415, 423 (C.A.A.F. 2013). As we have stated in another context:
[Tjhere must be something more than an appearance of evil to justify action by an appellate court in a particular case. “Proof of [command influence] in the air, so to speak, will not do.” We will not presume that a military judge has been influenced simply by the proximity of events which give the appearance of command influence in the absence of a connection to the result of a particular trial.
United States v. Allen, 33 M.J. 209, 212 (C.M.A. 1991) (alteration in original) (footnote omitted) (citations omitted), cert. denied, 503 U.S. 936, 112 S.Ct. 1473, 117 L.Ed.2d 617 (1992); see also United States v. Levite, 25 M.J. 334, 341 (C.M.A. 1987) (Cox, J., concurring). The majority’s sole attempt to find more than “proof in the ah’” is its assertion that Lt Gen Franklin “was vulnerable to additional adverse personnel action by the Secretary of the Air Force” if he did not refer Appellant’s case, Boyce, 76 M.J. at 252 (emphasis added), despite the fact that Lt Gen Franklin realistically had nowhere lower to go than he had already gone, and despite its conclusion that, due to the amount of evidence supporting referral, no other convening authority would have made a different referral decision in the accused’s case. See id at 250.
I posit that Congress had good reason to tether appellate relief to Article 59(a)’s requirement of prejudice to the accused, and thus respectfully dissent from the majority’s conclusion that this case was “properly presented.” Id. at 263.

. As the convening authority, Lt Gen Franklin had unfettered discretion in United States v. Wilkerson to set aside the findings of guilty if he believed the accused was not guilty. See Article 60(c)(1), UCMJ, 10 U.S.C. § 860(c)(1) (2012) ("The authority under this section to modify the findings and sentence of a court-martial is a matter of command prerogative involving the sole discretion of the convening authority."); see also Rule for Courts-Martial (R.C.M.) 1107(c)(2) (2012). Similarly, in United States v. Wright, Lt Gen Franklin had statutory discretion to decline to refer charges. See Article 60(c)(1), UCMJ; R.C.M. 601(d)(1) Discussion.

. Public examples of congressional outrage in response to Lt Gen Franklin's actions abound. For example, Senator McCaskill wrote an op-ed in response to Wilkerson, requesting that the SE-CAF and CSAF conduct a review of Lt Gen Franklin’s actions, Claire McCaskill, Their day in court, St. Louis Post-Dispatch (Mar. 12, 2013), http://www.stltoday.com/news/opinion/columns/ their-day-in-court/article_ced54el4-5dca-5c53-a 038-4b9de9ccbaa9.html (last visited May 17, 2017); Senator Gillibrand said in response to Wilkerson that "[e]veiyone knows the current [military justice] system is not working,” Donna Cassata, Outraged lawmakers look to change military justice, Associated Press (Apr. 30, 2013), https://www.yahoo.com/news/outraged-lawmakers-look-change-military-justice-071108517.html; and Senators Boxer and Sha-heen wrote a letter to Secretary Hagel decrying the-fact that Lt Gen Franklin had not "adequately explained” his clemency decision in Wilkerson and urging Secretary Hagel to both provide more information about the clemency decision and take action to restrict military commander authority. Press Release, Senator Jeanne Shaheen, Boxer, Shaheen Call on Defense Secretary Hagel to Immediately Review Dismissal of Sexual Assault Case (Mar. 4, 2013), https://www.shaheen.senate. gov/news/press/boxer-shaheen-call-on-defense-secretary-hagel-to-immediately-review-dismissal-of-sexual-assault-case; see also Press Release, Senator Claire McCaskill, McCaskill Calls for Removal of Lt. Gen. Craig Franklin from Command (Dec. 18, 2013), https://www.mccaskill.senate. gov/media-center/news-releases/mccaskill-calls-for-removal-of-lt-gen-craig-franklin-from-command (describing Lt Gen Franklin as "unfit for command" and lacking in “sound judgment,” "basic professional judgment,” and "respect for the responsibilities held by military commanders to protect those under their authority”); Press Release, Senator Kirsten Gillibrand, Gillibrand Statement on Retirement of Military Commander Who Overturned Guilty Verdict In Aviano Sexual Assault Case and Shut Down Court Martial [sic] of Accused Rapist in Another Assault Case (Jan. 8, 2014), https://www.gillibrand.senate.gov/ newsroom/press/release/gillibrand-statement-on-retirement-of-military-commander-who-overturned-guilty-verdict-in-aviano-sexual-assault-case-and-shut-down-court-martial-of-accused-rapist-in-another-assault-case- (describing Lt Gen Franklin as "untrained” and “biased,” and accusing him of "subvert[ing] justice”).

.The Air Force Court of Criminal Appeals reaffirmed this factual finding. United States v. Boyce, No. ACM 38673, 2016 CCA LEXIS 198 at *23, 2016 WL 1276663, at *8 (A.F. Ct. Crim. App. Mar. 24, 2016).